Filed 1/27/21  P. v. Lee CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080408 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F08901362) |
| ALVIS LEE, JR., | **OPINION** |
| Defendant and Appellant. | |

-

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Elizabeth M. Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Franson, J. and DeSantos, J.

Appointed counsel for defendant Alvis Lee, Jr., asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Lee was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from Lee. Finding no arguable error that would result in a disposition more favorable to Lee, we affirm.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## BACKGROUND[1]

"On January 14, 2008, at approximately 5:30 p.m., Angel Quijada went to the Family Food Market in Fresno and cashed a check. Quijada was getting into his vehicle to leave when appellant, Alvis Lee, Jr., approached him armed with a handgun and demanded money. Lee took $155 in cash from Quijada. As Lee shoved the money into his left pants pocket, his handgun discharged striking Lee in the upper left thigh. Lee then took Quijada's keys and drove off in his car.

"An hour after the robbery, Lee sought treatment at Madera Community Hospital under a false name claiming that he had been shot in a driveway shooting in Madera by several unknown males.

"The following day when Quijada's car was recovered, it had blood on the seat. Subsequent DNA testing of the blood confirmed it was Lee's blood.

"Lee was arrested on February 21, 2008.

"On July 30, 2008, the district attorney filed an information charging Lee with robbery (count 1/Pen. Code, § 211) and carjacking (count 2/Pen. Code, § 215, subd. (a)). Each count alleged a personal use of a firearm enhancement (Pen. Code, § 12022.53,

---

[1] We grant Lee's request to take judicial notice of the decision in his prior appeal. Our summary of the relevant factual and procedural history is therefore taken from *People v. Lee, Jr.* (May 27, 2010, F057561) [nonpub. opn.] (*Lee*).

2.

subd. (b)).  The information also alleged that Lee had two prior convictions within the meaning of the three strikes law (Pen. Code, § 667, subds. (b)−(i)).

"On January 8, 2009, the court denied Lee's *Marsden* motion.[2]

"On January 12, 2009, a jury trial in this matter began.

"On January 15, 2009, Lee pled guilty to the two counts in the information and admitted the enhancements and strike allegations.

"On April 3, 2009, the court heard and denied a second *Marsden* motion by Lee. During the hearing the court also considered and denied Lee's motion to withdraw his plea.  After the matter resumed in open court, the court granted Lee's *Romero* motion[3] and struck one of his prior convictions.  The court then sentenced Lee to an aggregate term of 28 years:  the aggravated term of 9 years on Lee's carjacking conviction, doubled to 18 years because of Lee's remaining strike conviction, a 10-year arming enhancement, and a stayed, aggregate 20-year term on Lee's robbery conviction.  The court also awarded Lee 468 days of presentence custody credit consisting of 407 days of presentence actual custody credit and 61 days' presentence conduct credit."

On May 27, 2010, this court issued its opinion in *Lee*, *supra*, F057561, which modified the judgment to afford Lee an additional day of presentence custody credit, directed the trial court to amend the abstract of judgment to incorporate this modification, and otherwise affirmed the judgment.

Subsequently, in 2013, the Legislature enacted Senate Bill No. 260, (2013−2014 Reg. Sess.) (Stats. 2013, ch. 312, § 4) codified in Penal Code section 3051,[4] which provides for youth offender parole hearings that guarantee juvenile offenders a meaningful opportunity for release on parole.  (*People v. Franklin* (2016) 63 Cal.4th 261,

---

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

[3]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[4]     Undesignated statutory references are to the Penal Code.

276; § 3051, subd. (e).)  Youth offender parole hearings are available, with some exceptions, to offenders who were under 25 years old when they committed their controlling offenses.[5]  (§ 3051, subd. (b).)  To ensure that the youth offender parole hearing is meaningful, youth offenders must have an opportunity for a so-called *Franklin* hearing in the trial court, in order to make an accurate record of the offender's "characteristics and circumstances at the time of the offense."  (*Franklin*, at p. 284.)

On October 28, 2019, Lee, proceeding in propria persona, filed in the trial court a motion for a *Franklin* hearing pursuant to section 1203.01 and *In re Cook* (2019) 7 Cal.5th 439.

On November 6, 2019, the trial court determined Lee was statutorily ineligible for a *Franklin* hearing because he was sentenced pursuant to the Three Strikes law.  (§§ 667, subds. (b)−(i), 1170.12; see § 3051, subd. (h).)

On November 27, 2019, Lee filed a timely notice of appeal.

## DISCUSSION

Section 3051 provides that a youthful offender who committed a "controlling offense" when the offender was 25 years of age or younger is entitled to a parole hearing after serving a designated period in custody.  (§ 3051, subd. (b).)  The "controlling offense" is "the offense or enhancement for which any sentencing court imposed the longest term of imprisonment."  (§ 3051, subd. (a)(2)(B).)

However, section 3051 does not apply "to cases in which sentencing occurs pursuant to Section 1170.12, [or] subdivisions (b) to (i), inclusive, of Section 667 …." (§ 3051, subd. (h).)  Here, Lee's sentence was enhanced by a prior conviction pursuant to section 1170.12 and subdivisions (b) through (i) of section 667.  (*Lee*, *supra*, F057561, at

_____

**5**    Lee was 21 years, eight months, and 24 days old at the time he committed the offenses at issue here.

4.

p. 3.)  Accordingly, as the trial court properly determined, Lee is ineligible for a youth offender parole hearing (§ 3051, subd. (h)), and thus is not entitled to a *Franklin* hearing.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Lee.

## DISPOSITION

The November 6, 2019 order, denying motion for *Franklin* proceeding is affirmed.